IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: _____

| | |
|---|---|
| US DOMINION, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> HERRING NETWORKS, INC., D/B/A ONE AMERICA NEWS NETWORK, *et al.*, <br><br> Defendants/Movants, <br><br> v. <br><br> SMARTMATIC USA CORP., <br><br> Third Party/Respondent. | Principal Case Pending in the U.S. District Court for the District of Columbia: <br> Case No. 1:21-cv-02130-CJN-MAU |

**DEFENDANTS' MOTION TO COMPEL SMARTMATIC'S COMPLIANCE WITH RULE 45 SUBPOENA AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

i

## **TABLE OF CONTENTS**

Page

I.    INTRODUCTION ...............................................................................................................1

II.   BACKGROUND .................................................................................................................2

III.  LEGAL STANDARD..........................................................................................................3

IV.  ARGUMENT .......................................................................................................................4

       A.    The information sought by the subpoena is relevant to the claims and
defenses at issue in the Underlying Action..............................................................4

       B.    The Court should overrule Smartmatic's rote, generalized objections....................6

V.   CONCLUSION....................................................................................................................9

Certificate of Conference .............................................................................................................10

Certificate of Service ...................................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alhassid v. Bank of America*,
   No. 14–20484, 2015 WL 1120273 (S.D. Fla. Mar. 12, 2015) ................................................... 6

*Application of Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*,
   747 F.3d 1262 (11th Cir. 2014) ............................................................................................... 8

*Bank of Mongolia v. M & P Glob. Fin. Services, Inc.*,
   258 F.R.D. 514 (S.D. Fla. 2009) .............................................................................................. 8

*Coleman v. Lennar Corp.*,
   No. 18-MC-20182, 2018 WL 3672251 (S.D. Fla. June 14, 2018) ........................................ 6, 7

*Dunkin' Donuts, Inc. v. Mary's Donuts, Inc.*,
   No. 01–0392, 2001 WL 34079319 (S.D. Fla. Nov. 1, 2001) ................................................ 4, 9

*Guzman v. Irmadan, Inc.*,
   249 F.R.D. 399 (S.D. Fla. 2008) ........................................................................................... 6, 7

*Harris v. Cellco P'ship*,
   No. 21-81129-CV, 2021 WL 8155699 (S.D. Fla. Dec. 30, 2021) (Middlebrooks, J.) ............................................................................................................... 7

*Marjam Supply Co. of Fla. LLC v. Pliteq, Inc.*,
   No. 15-CIV-24363, 2018 WL 1456614 (S.D. Fla. Mar. 23, 2018) .......................................... 3

*Miccosukee Tribe of Indians of Florida v. Cypress*,
   No. 12-22439-CIV, 2013 WL 10740706 (S.D. Fla. June 28, 2013) ........................................ 6

*Panola Land Buyers Ass'n v. Shuman*,
   762 F.2d 1550 (11th Cir. 1985) ............................................................................................... 6

*Pepperwood of Naples Condo. Ass'n, Inc. v. Nationwide Mut. Fire Ins. Co.*,
   No. 2:10-CV-753-FTM-36, 2011 WL 3841557 (M.D. Fla. Aug. 29, 2011) ........................... 9

*Reilly v. Chipotle Mexican Grill, Inc.*,
   No. 15-23425-CIV, 2016 WL 10646561 (S.D. Fla. Sept. 22, 2016) .................................... 7, 8

*Rossbach v. Rundle*,
   128 F. Supp. 2d 1348 (S.D. Fla. 2000) .................................................................................... 7

*Safranek v. Wal-Mart Stores, Inc.*,
   No. 07-61533-CIV, 2010 WL 11505263 (S.D. Fla. June 1, 2010) ...................................... 4, 9

*Sakhil Ctr. at Doral Condo Ass'n, Inc. v. Hanover Ins. Co.*,
  No. 18-21659-CIV, 2019 WL 7881626 (S.D. Fla. Mar. 21, 2019) ...........................................3

*Smartmatic USA Corp. v. Herring Networks, Inc.*,
  No. 1:21-cv-02900-CJN-MAU (D.D.C.) ..............................................................................1

*St. Paul Reins. Co., Ltd. v. Commercial Fin. Corp.*,
  198 F.R.D. 508 (N.D. Iowa 2000) ........................................................................................9

*Steed v. EverHome Mortgage Co.*,
  308 F. App'x 364 (11th Cir. 2009) .......................................................................................6

*U.S.C.F.T.C. v. Am. Derivatives Corp.*,
  2007 WL 1020838 (N.D. Ga. Mar. 30, 2007).......................................................................8

*US Dominion, Inc., et al. v. Herring Networks Inc., et al.*,
  No. 1:21-cv-2130-CJN-MAU (D.D.C.) ...................................................................1, 2, 4, 5, 7

*Walinbay S.A. v. Fresh Results, LLC*,
  No. 13-CIV-60844, 2014 WL 1267170 (S.D. Fla. Feb. 26, 2014) .........................................6

**Rules**

Fed. R. Civ. P. 26............................................................................................................................3

Fed. R. Civ. P. 26(b)(1)...................................................................................................................4

Fed. R. Civ. P. 45........................................................................................................................1, 3

Fed. R. Civ. P. 45(c)(1)(A) .............................................................................................................3

Fed. R. Civ. P. 45(d)(2)(B)(i) .........................................................................................................1

Fed. R. Civ. P. 45(f)........................................................................................................................1

S.D. Fla. L.R. 26.1(g)(3).................................................................................................................7

S.D. Fla. L.R. 7.1(c)(2) ...................................................................................................................7

**Miscellaneous**

Tim Golden, *U.S. Investigates Voting Machines' Venezuela Ties*, N.Y. TIMES
  (Oct. 29, 2006),
  https://www.nytimes.com/2006/10/29/washington/29ballot.html............................................4

Tim Golden, *Voting Machine Company Submits to Inquiry*, N.Y. TIMES (Oct. 31,
  2006), https://www.nytimes.com/2006/10/31/us/politics/31vote.html....................................5

I.  **INTRODUCTION**

Defendants (the "Herring Defendants")[1] in the underlying litigation captioned *US Dominion, Inc., et al. v. Herring Networks Inc., et al.*, No. 1:21-cv-2130-CJN-MAU (D.D.C. Aug. 10, 2021) ("Underlying Action"), pursuant to Local Rule 7.1 and Rules 37 and 45, Federal Rules of Civil Procedure, file this Motion to Compel Smartmatic's Compliance with Rule 45 Subpoena ("Motion")[2] seeking an order (1) overruling Smartmatic USA Corp.'s ("Smartmatic") objections to the subpoena Herring Defendants served upon Smartmatic, and (2) compelling Smartmatic's compliance therewith by appearing for a deposition on written questions within 14 days of the Court's order.

The instant discovery proceedings arise as an ancillary matter in connection with the Underlying Action. In the Underlying Action, the Herring Defendants—who run a small, family-owned media outlet, One America News Network ("OAN")—face a complex lawsuit seeking over $1.6 billion dollars against each defendant for alleged defamatory statements concerning Plaintiff

---

[1] The Herring Defendants are Herring Networks, Inc. d/b/a One America News Network, Charles Herring, Robert Herring, Sr., and Chanel Rion.

[2] The Herring Defendants file this Motion in the Southern District of Florida as the "court of compliance," given the deposition notice's setting of the deposition in West Palm Beach, Florida. Fed. R. Civ. P. 45(d)(2)(B)(i); *see* **Ex. B**, Subpoena. Nonetheless, the Herring Defendants respectfully request that the court of compliance transfer this Motion to the issuing court, the U.S. District Court for the District of Columbia, the forum for the Underlying Action and the court that issued the subpoena in question. *See* Fed. R. Civ. P. 45(f).

Under Rule 45(f), "exceptional circumstances" justify transfer because the timing of Smartmatic's deposition bears significantly on "the issuing court's management of the underlying litigation," given that the discovery period elapsed on September 30, 2024. Rule 45 advisory committee's note to 2013 amendment; *see* Amended Scheduling Order at ¶ 1, No. 1:21-cv-02130-CJN (June 3, 2024), ECF No. 181. Moreover, little to no burden is imposed on Smartmatic by litigating this dispute in the District of Columbia considering Smartmatic recently litigated a related defamation action there (before the same judges presiding over Dominion's case). *See Smartmatic USA Corp. v. Herring Networks, Inc.*, No. 1:21-cv-02900-CJN-MAU (D.D.C.).

1

U.S. Dominion, Inc.—a provider of electronic voting systems—and its affiliates (collectively, "Plaintiffs" or "Dominion").[3]

Because Smartmatic refuses to answer any of the questions propounded to it, the Herring Defendants are forced to file this Motion. As set forth more fully below, the Court should grant the Motion, overrule Smartmatic's objections, and compel Smartmatic's responses within 14 days of the Court's order.

## II.   BACKGROUND

At issue in the Underlying Action are the Herring Defendants' alleged statements concerning the security of Dominion's voting systems and software used to conduct the 2020 U.S. Presidential election ("Election"), as well as Dominion's links to Smartmatic, another manufacturer of electronic voting systems, who co-designed voting machine technology and related software with Sequoia Voting Systems, Inc., which Dominion then acquired in 2010. Some of the alleged defamatory statements involve this direct link between Dominion and Smartmatic, and only Smartmatic possesses information that is relevant to the Herring Defendants' defenses to Dominion's lawsuit.

To prepare its defenses, the Herring Defendants sought to depose Smartmatic on written questions, and to that end, the Herring Defendants served it with a Rule 45 deposition subpoena issued in the Underlying Action,[4] directing Smartmatic to appear at a deposition on written

---

[3] *See* Complaint at p. 212 (prayer for relief), *US Dominion, Inc. v. Herring Networks, Inc.*, No. 1:21-cv-02130-CJN (D.D.C. Aug. 10, 2021), ECF No. 1. Plaintiffs in the Underlying Action consist of (1) U.S. Dominion, Inc., (2) Dominion Voting Systems, Inc., and (3) Dominion Voting Systems Corporation. The latter two entities are both wholly owned subsidiaries of U.S. Dominion, Inc. *See id.* at ¶¶ 14–16.

[4] The court in the Underlying Action ordered and approved a deposition protocol to govern fact witness depositions. Order on Fact Witness Deposition Protocol, No. 1:21-cv-02130-CJN (Mar. 21, 2024), ECF No. 164.

2

questions in West Palm Beach, Florida. **Ex. B**, Subpoena.[5] The subpoena contained sixteen written deposition questions. *Id.* at Ex. A.

On October 14, 2024, Smartmatic served its objections to the Herring Defendants' subpoena. In response to each of the sixteen deposition questions, Smartmatic simply parroted generalized objections and blithely stated: "Smartmatic will not provide an answer to this Deposition Question." **Ex. C**, Objections. On October 24, 2024, counsel for the Herring Defendants and counsel for Smartmatic met and conferred on Smartmatic's objections. **Ex. A**, Edwards Decl. ¶ 9. As a result of the meet-and-confer, the Herring Defendants agreed to withdraw Questions 1–7 in exchange for Smartmatic's execution of a business-records affidavit authenticating certain documents produced by Smartmatic. *Id.* ¶ 9. For the remainder of the questions (Questions 8–16), Smartmatic's counsel indicated that Smartmatic's objections stand, and a resolution was unable to be reached. *Id.* The Herring Defendants accordingly have no choice but to file this Motion.

### III.   LEGAL STANDARD

Federal Rule of Civil Procedure 45 governs non-party discovery. Courts consider the scope of discovery available from a non-party under Rule 45 to be "the same as the scope of discovery under Rule 26." *Marjam Supply Co. of Fla. LLC v. Pliteq, Inc.*, No. 15-CIV-24363, 2018 WL 1456614, at *4 (S.D. Fla. Mar. 23, 2018) (citations omitted). "In other words, a party may use a Rule 45 subpoena to obtain 'discovery regarding any non-privilege[d] matter that is relevant to any party's claim or defense.'" *Sakhil Ctr. at Doral Condo Ass'n, Inc. v. Hanover Ins. Co.*, No.

---

[5] Smartmatic's principal place of business is in Boca Raton, Palm Beach County, Florida, which is less than 100 miles from West Palm Beach, Florida. *See* Fed. R. Civ. P. 45(c)(1)(A) ("A subpoena may command a person to attend a trial, hearing, or deposition . . . within 100 miles of where the person resides, is employed, or regularly transacts business in person . . . .").

3

18-21659-CIV, 2019 WL 7881626, at *1 (S.D. Fla. Mar. 21, 2019) (quoting Fed. R. Civ. P. 26(b)(1)).

"Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). As such, "discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought has *no possible bearing* on the subject matter of the action." *Dunkin' Donuts, Inc. v. Mary's Donuts, Inc.*, No. 01–0392, 2001 WL 34079319, *2 (S.D. Fla. Nov. 1, 2001) (emphasis added), and the party resisting discovery "has a heavy burden of showing why the requested discovery should not be permitted," *Safranek v. Wal-Mart Stores, Inc.*, No. 07-61533-CIV, 2010 WL 11505263, at *2 (S.D. Fla. June 1, 2010).

## IV.   ARGUMENT

### A.   The information sought by the subpoena is relevant to the claims and defenses at issue in the Underlying Action.

At issue in the Underlying Action are the Herring Defendants' alleged statements concerning the security of Dominion's voting systems and software as well as Dominion's associations with Venezuela, including through its ties with Smartmatic, whose Venezuelan origins are well known.[6] In their two hundred-plus page complaint, Plaintiffs complain of, *inter alia*, alleged statements broadcast on OAN concerning: potential security vulnerabilities common to Dominion and Smartmatic election technology, *e.g.*, Complaint at ¶¶ 305(u), 305(x), *US Dominion, Inc. v. Herring Networks, Inc.*, No. 1:21-cv-02130-CJN (D.D.C. Aug. 10, 2021), ECF No. 1 (hereinafter "Complaint"); Dominion's use of Smartmatic software in Dominion machines,

---

[6] Smartmatic, a voting machine company founded by Venezuelan nationals, "was a little-known firm with no experience in voting technology before it was chosen by the Venezuelan authorities to replace the country's elections machinery ahead of a contentious referendum that confirmed Mr. Chávez as president in August 2004." Tim Golden, *U.S. Investigates Voting Machines' Venezuela Ties*, N.Y. TIMES (Oct. 29, 2006), https://www.nytimes.com/2006/10/29/washington/29ballot.html.

*e.g.*, *id.* at ¶ 305(f); and Dominion's associations with the Venezuelan government and its elections, *e.g.*, *id.* at ¶¶ 305(l), 305(q), 305(s). Plaintiffs assert that OAN's alleged reporting concerning these vulnerabilities is false, *see id.* ¶ 306, that Dominion and Smartmatic are "completely separate companies," *id.* ¶ 179, that "Dominion does not use Smartmatic's software or machines, and there was no Smartmatic technology in any of Dominion's voting machines in the 2020 election," *id.* ¶ 308, and that Dominion "has no ties to the Venezuelan government or Hugo Chávez," *id.*

Because Plaintiffs allege that the Herring Defendants defamed Dominion in part by reporting on these subjects, the Herring Defendants' substantial-truth defense (and ability to negate falsity, an essential element of Plaintiffs' claim[7]) entitles them to discovery on the topics embraced by these subjects, including Smartmatic's transfer or licensing of intellectual property in voting machine equipment to Dominion (Questions 8–9); technical services, products, or parts Smartmatic provided to Dominion (Questions 10, 16); source code developed by Smartmatic and/or its affiliated companies and later acquired by Dominion (Questions 11–12); Smartmatic's relationship with Bizta Corporation, a Venezuelan software company once co-owned by the Venezuelan government and the founders of Smartmatic[8] (Question 13); and Smartmatic's relationship with Sequoia Voting Systems, Inc., a company once owned by Smartmatic and whose assets Dominion later acquired (Questions 14–15). *See* **Ex. B**, Subpoena at 8–9. These topics pertain directly to the complained-of statements concerning security vulnerabilities or issues common to Dominion's and Smartmatic's machines and software, as well as Dominion's links with

---

[7] *See* Complaint at ¶¶ 304–31 (alleging a single count of defamation *per se*).

[8] Tim Golden, *Voting Machine Company Submits to Inquiry*, N.Y. TIMES (Oct. 31, 2006), https://www.nytimes.com/2006/10/31/us/politics/31vote.html.

5

Smartmatic and associations with Venezuela. The deposition testimony the Herring Defendants seek from Smartmatic is therefore highly relevant.

**B.     The Court should overrule Smartmatic's rote, generalized objections.**

Courts in this district "roundly condemn" the practice of stating an objection "without providing an explanation why that objection has merit in this instance." *Miccosukee Tribe of Indians of Florida v. Cypress*, No. 12-22439-CIV, 2013 WL 10740706, at *2 (S.D. Fla. June 28, 2013); *see, e.g.*, *Coleman v. Lennar Corp.*, No. 18-MC-20182, 2018 WL 3672251, at *3 (S.D. Fla. June 14, 2018) ("Boilerplate objections and generalized responses are improper." (citing *Alhassid v. Bank of America*, No. 14–20484, 2015 WL 1120273, at *2 (S.D. Fla. Mar. 12, 2015)); *Walinbay S.A. v. Fresh Results, LLC*, No. 13-CIV-60844, 2014 WL 1267170, at *2 (S.D. Fla. Feb. 26, 2014) ("This District does not recognize generalized boilerplate objections."); *Guzman v. Irmadan, Inc.*, 249 F.R.D. 399, 400 (S.D. Fla. 2008) ("Parties shall not make nonspecific, boilerplate objections.").

Instead, objections should be "specific enough so that the court can understand in what way the [discovery sought is] alleged to be objectionable." *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985) (citation omitted); *see Miccosukee Tribe*, 2013 WL 10740706, at *2 ("Specificity is required in objections because without it both the requesting party and the Court lacks sufficient information to understand the scope of the objection, and to fairly consider whether the objection has merit."). Accordingly, courts in the Eleventh Circuit have "cautioned parties that boilerplate objections are borderline frivolous." *E.g.*, *Coleman*, 2018 WL 3672251, at *3 (citing *Steed v. EverHome Mortgage Co.*, 308 F. App'x 364, 371 (11th Cir. 2009)).

Despite the well-established rule against boilerplate objections, a review of Smartmatic's repetitive objections reveals that nearly all are boilerplate and non-specific as to the reasons why

6

compliance with the subpoena is inappropriate. The specific objections to the questions in dispute (Questions 8–16) merely assert (1) that the subpoena's questions are "unduly burdensome;" (2) they are compound; (3) they are "vague" or contain terms that are "vague and ambiguous;" (4) they request information that is confidential or proprietary; (5) they seek information available from other sources; and (6) the information sought is not relevant.[9] Assuming Smartmatic's boilerplate objections even merit a response, a brief[10] rebuttal to each of these objections is provided as follows.

*First*, Smartmatic's undue-burden objections (Questions 8–16) should be overruled because "objections merely stating requests are 'overly broad, or unduly burdensome' are meaningless and without merit." *Coleman*, 2018 WL 3672251, at *7 (quoting *Guzman*, 249 F.R.D. at 400). Instead, "[t]he objecting party must demonstrate *with specificity* how the objected-to request is unreasonable or otherwise unduly burdensome." *Id.* at *3 (emphasis added) (citing *Rossbach v. Rundle*, 128 F. Supp. 2d 1348, 1354 (S.D. Fla. 2000)); *see also Reilly v. Chipotle Mexican Grill, Inc.*, No. 15-23425-CIV, 2016 WL 10646561, at *5 (S.D. Fla. Sept. 22, 2016) ("Plaintiff cannot simply assert that interrogatories are 'unduly burdensome' but 'must show specifically how . . . each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive.'" (quoting *Guzman*, 249 F.R.D. at 400))). "In addition, claims of undue

---

[9] Smartmatic's General Objections – which are improper in and of themselves – mirror the repetitive and boilerplate nature of its specific objections and should be similarly disregarded. *See* **Ex. C**, Objections at 1–4; *Harris v. Cellco P'ship*, No. 21-81129-CV, 2021 WL 8155699, at *2 (S.D. Fla. Dec. 30, 2021) (Middlebrooks, J.) ("[B]oilerplate 'general objections' are improper and without effect."). Smartmatic's objection on timeliness grounds is incorrect as the Underlying Action's operative scheduling order set the fact-discovery deadline at September 30, 2024. Amended Scheduling Order at ¶ 1, No. 1:21-cv-02130-CJN (June 3, 2024), ECF No. 181. The Subpoena was issued on September 16, 2024, and it set the compliance date 14 days later—within the fact-discovery period. **Ex. B**, Subpoena.

[10] The Herring Defendants are mindful of this Court's local rules concerning page limitations for discovery motions. S.D. Fla. L.R. 26.1(g)(3); *see also id.* at 7.1(c)(2).

burden should be supported by a statement (generally an affidavit) with specific information demonstrating how the request is overly burdensome." *Bank of Mongolia v. M & P Glob. Fin. Services, Inc.*, 258 F.R.D. 514, 519 (S.D. Fla. 2009). This Smartmatic wholly fails to do.

***Second***, Smartmatic's objections to the questions as "compound" (Questions 8–16) is without merit as Smartmatic identifies no limit on the number of written questions the Herring Defendants may propound on Smartmatic, and the questions are readily capable of being answered according to their separate components.

***Third***, Smartmatic's objections on vagueness or ambiguity grounds (Questions 8–16) are without merit because "[m]erely stating that a discovery request is vague or ambiguous, without specifically stating how it is so, is not a legitimate objection to discovery." *Reilly*, 2016 WL 10646561, at *12 (quoting *U.S.C.F.T.C. v. Am. Derivatives Corp.*, 2007 WL 1020838, at *3 (N.D. Ga. Mar. 30, 2007)). The subpoena provides straightforward explanations of defined terms, *see* **Ex. B**, Subpoena at 6–7, and undefined terms Smartmatic finds objectionable (for instance, "source code," *see* Objection to Question 11) are readily understandable based on their plain meaning.

***Fourth***, Smartmatic's blanket objections based on claimed confidentiality or proprietary interests (Questions 8–12, 14–16) lack "specific evidence" and "are stated only at the highest order of abstraction," and are thus without merit. *Application of Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*, 747 F.3d 1262, 1273 (11th Cir. 2014). Moreover, the court in the Underlying Action has entered a fulsome protective order sufficient to preserve Smartmatic's alleged interests in confidentiality; Smartmatic's deposition testimony may be designated confidential under the terms of the issuing court's protective order. *See* Amended Protective Order Governing the Production and Exchange of Confidential Information at ¶ 5(b),

8

No. 1:21-cv-02130-CJN (Mar. 21, 2024), ECF No. 163. Nothing in Smartmatic's objections explain how the issuing court's valid and subsisting protective order might be deficient.

*Fifth*, Smartmatic's objections that the questions seek "publicly available information" (Questions 8–9) or information "available from a party to this matter" (Questions 9–11) are without merit. With respect to an objection on the ground that the request seeks information equally available to the propounding party from its own records or from records which are equally available to the propounding party, "[c]ourts have unambiguously stated that this exact objection is insufficient to resist a discovery request." *Pepperwood of Naples Condo. Ass'n, Inc. v. Nationwide Mut. Fire Ins. Co.*, No. 2:10-CV-753-FTM-36, 2011 WL 3841557, at *4 (M.D. Fla. Aug. 29, 2011) (quoting *St. Paul Reins. Co., Ltd. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 514 (N.D. Iowa 2000)).

*Sixth*, Smartmatic's relevance objections should be rejected because the information sought is relevant for the reasons stated *supra* in Section III.B. Smartmatic's rote claims of irrelevancy fail to explain how the information requested "has *no possible bearing* on the subject matter of the action." *Dunkin' Donuts*, 2001 WL 34079319, at *2 (emphasis added).

For these reasons, Smartmatic has failed to meet its "heavy burden of showing why the requested discovery should not be permitted." *See Safranek*, 2010 WL 11505263, at *2.

## V.   CONCLUSION

For the reasons stated above, the Court should grant the Motion, overrule Smartmatic's objections, and compel Smartmatic to appear at a deposition on the Herring Defendants' written questions within 14 days of the Court's order.

Respectfully submitted,

By: */s/ Jorge Guttman*

**GUNSTER**
Jorge D. Guttman
Florida Bar No. 015319
600 Brickell Avenue, Suite 3500
Miami, FL 33131
Tel: (305) 376-6000
Fax: (305) 376-6010
jguttman@gunster.com

**JACKSON WALKER L.L.P.**
John K. Edwards
Florida Bar No. 075335
1401 McKinney Street, Suite 1900
Houston, TX 77010
Tel: (713) 752-4200
Fax: (713) 308-4110
jedwards@jw.com

*Counsel for Herring Defendants*

### CERTIFICATE OF CONFERENCE

I hereby certify that on October 24, 2024, I conferred with counsel for Smartmatic concerning the relief sought in this Motion in a good faith effort to resolve the issues raised herein and have been unable to do so.

*/s/ John Edwards*
John K. Edwards

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by electronic mail on November 1, 2024, on counsel for Smartmatic whose information appears on the Service List below.

*/s/ Jorge Guttman*
Jorge Guttman

10

# SERVICE LIST

Olivia E. Sullivan
OSullivan@beneschlaw.com
Smartmatic-OANNServiceList@beneschlaw.com
Benesch Friedlander Coplan & Aronoff LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Tel: (312) 624-6415
Fax: (312) 767-9192

*Counsel for Smartmatic*